## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**TONY D. BICKHAM**                                                    **PETITIONER**

**v.**                                                    **Case No. 1:24-cv-00046-HSO-BWR**

**TRAVIS DAY**, *Warden of Rayburn*                      **RESPONDENTS**
*Correctional Center in Angie,*
*Louisiana*, and **LYNN FITCH**,
*Attorney General of the State of*
*Mississippi*

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Respondents Travis Day and Lynn
Fitch's (collectively, Respondents) Motion [8] to Dismiss Petitioner Tony D. Bickham's
(Petitioner) Petition [1] under 28 U.S.C. § 2241 for Writ of Habeas Corpus. The
undersigned recommends granting Respondents' Motion [8] to Dismiss, denying
Petitioner's request to stay, and dismissing the Petition [1] without prejudice.

### I.    BACKGROUND

On May 29, 2009, Petitioner pled guilty to possession of a controlled substance
with intent to distribute in the Pearl River County Circuit Court. Ex. [8-1]; Ex. [8-2]
at 13-16. On August 18, 2009, the Pearl River County Circuit Court sentenced
Petitioner to twenty years in the custody of the Mississippi Department of Corrections
(MDOC), twelve of those years being served at MDOC and the remaining eight being
served under post-release supervision. Ex. [8-3]; Ex. [8-4] at 6. Petitioner served his

sentence in MDOC custody until October 6, 2011, when he was released on parole. Ex. [8-5] at 1; Ex. [1-3].

Petitioner returned to MDOC custody on August 1, 2017. Ex. [8-5] at 2; *see* Mot. Dismiss [8] at 3. On February 8, 2018, Petitioner was released on probation in Mississippi. *Id.*; Ex. [1-3]. Mississippi transferred Petitioner's probation case to Louisiana, and Louisiana accepted it on April 26, 2018. Ex. [1-3]. On June 20, 2019, Petitioner was convicted of possession of heroin, possession of a firearm, and possession of amphetamine in Louisiana and was sentenced to 10 years hard labor in the Louisiana Department of Corrections. *Id.* On February 3, 2020, Louisiana closed Petitioner's Mississippi probation case. *Id.*

On June 17, 2022, Ronald Dunston (Dunston), an MDOC official, filed an affidavit with the Pearl River County Circuit Court alleging that Petitioner violated the terms of his post-release supervision. Ex. [8-6]. Dunston alleged that Petitioner "failed to report to MDOC as directed in 24 months," and thereby "absconded his supervision." *Id.* Dunston also alleged that Petitioner failed to "pay [his] required fee to MDOC each month," and that Petitioner owed $5,335 to MDOC. *Id.* The same day Dunston filed this affidavit, the Pearl River County Circuit Court issued a warrant for Petitioner's arrest based on his failure to adhere to the terms of his post-release supervision. Ex. [8-7].

Petitioner attached an undated letter from Nicole Harrison (Harrison), a Probation and Parole Supervisor for the Louisiana Department of Public Safety and

Corrections, to his Petition [1]. Ex. [1-3]. Harrison states that "[i]n December of 2011, Mississippi transferred [Petitioner's] supervision to the State of Louisiana." *Id.* Harrison writes that Louisiana State Police arrested Petitioner on a felony charge on May 31, 2017, and that Petitioner was then incarcerated in East Baton Rouge Parish Prison. *Id.* Harrison stated that "[a]t this time, we can find no records related to you absconding supervision." *Id.*

On February 9, 2024, Petitioner filed his Petition [1] and asserted one ground for relief alleging a Fourteenth Amendment violation. Pet. [1] at 6. He alleges that he is "being detained due to being accused of absconding supervision." *Id.* Petitioner argues that he did not abscond supervision because he "was being supervised by Louisiana for Mississippi." *Id.* For relief, Petitioner asks that the "detainer" be "removed from [his] master records," which are allegedly "pending" before MDOC. *Id.* at 7. Petitioner claims that the detainer is hindering him "from meeting the rehabilitation standards of Louisiana." *Id.* Specifically, Petitioner asserts the detainer is stopping him from Work Release Transitional Programs and Trustee Status. Pet. [1-4] at 3.

On March 26, 2024, the Pearl River County Circuit Court withdrew its June 17, 2022 warrant "because [Petitioner] was serving time in Louisiana and could not report." Ex. [8-8]. Dunston executed another affidavit on March 26, 2024, alleging that Petitioner violated the terms of his post-release supervision when Petitioner violated Louisiana law. Ex. [8-9]. The Pearl River County Circuit Court issued a new

warrant on March 26, 2024 for Petitioner's arrest based on Dunston's affidavit. Ex. [8-10].

Respondents argue that the Court should dismiss the Petition [1] as moot given that the Pearl River County Circuit Court withdrew the warrant lodged as a detainer that Petitioner challenges. Mot. Dismiss [8]. The Court ordered Petitioner to respond to the Motion [8] to Dismiss. Order [9]. Petitioner responded by reasserting his request that the Court dismiss the June 2022 detainer. Pet'r's Resp. [11].

In an apparent attempt to challenge the March 26, 2024 detainer as well, Petitioner alleges that MDOC's "probation and Parole agency failed to file a valid detainer against [P]etitioner before the February 8, 2023-time deadline." *Id.* at 2. Then "Petitioner avers that a determinate post-release eight-year sentence was never handed down by the sentencing court in this matter." *Id.* Finally, Petitioner asks that the Court stay his case if the Court finds that Petitioner has failed to exhaust his state court remedies. *Id.* at 3.

In Reply, Respondents argue mootness and failure to exhaust. Resp'ts' Reply [12] 3-7. Respondents contest Petitioner's request for a stay if this Court finds a failure to exhaust. *Id.* at 7. Moreover, Respondents argue that Petitioner's arguments raised for the first time in his Response [11] are waived and meritless. *Id.* at 8-9.

## II.    ANALYSIS

1. <u>Petitioner's request that the detainer be removed is moot</u>

Article III, Section 2 of the United States Constitution requires that a case present an active case-or-controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 495 (1969). Moreover, "when the court cannot grant the relief requested by the moving party," a pretrial detainee's § 2241 petition is rendered moot. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007); *see Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988).

In *Schmiderer v. Mississippi*, a petitioner imprisoned in Louisiana filed a habeas petition seeking to have the Pearl River County charges against him dismissed and an accompanying detainer removed. *Schmiderer v. Mississippi*, No. 1:09-cv-321-HSO-JMR, 2010 WL 502730, at *1 (S.D. Miss. Feb 8, 2010). He alleged "that no action took place on his 1998 burglary charge in Mississippi until the Pearl River County Sheriff's Department placed a detainer on him on June 15, 2004, while he was incarcerated in Louisiana." *Id.* However, petitioner's 1998 charges were dismissed in 2009 and respondents "submitted a letter from the Pearl River County Sheriff's Department" to the correctional facility where petitioner was housed, "requesting that the detainer placed on [p]etitioner be removed." *Id.* at 2. This Court

found that because the Pearl River County charges filed against petitioner while he was imprisoned in Louisiana were dismissed and the detainer removed, there was no case-or-controversy present, petitioner received all the relief he was entitled to, and his habeas petition was moot. *Id.*

Similarly, in *United States v. Morris*, a Section 2241 petitioner requested that the court withdraw a federal detainer related to petitioner's term of imprisonment which had run. *United States v. Morris*, No. CR06-10030-04, 2010 WL 1142049, at *1 (W.D. La. Feb. 23, 2010), *R. & R. adopted,* 2010 WL 1142048 (W.D. La. Mar. 24, 2010). In response, respondent filed a "copy of a fax from the United States Marshal's Service to the [correctional center] . . . authorizing . . . officials to remove the detainer lodged by the [United States Marshal Service] . . . ." *Id.* (emphasis omitted). After establishing that the detainer had been removed, the court denied petitioner's Section 2241 Petition for Writ of Habeas Corpus as moot. *Id.*; *see Jimenez v. Texas*, No. 2:19-cv-41, 2019 WL 3719492, at *2 (S.D. Tex. July 18, 2019), *R. & R. adopted*, 2019 WL 3713887 (S.D. Tex. Aug. 7, 2019) (holding that petitioner's Section 2241 petition no longer presented an Article III case or controversy and was moot because the challenged charges were dismissed, and the detainer was withdrawn).

Here, Petitioner alleges that the June 17, 2022 warrant lodged as a detainer by MDOC affected his ability to meet the rehabilitation standards of Louisiana and requested that the detainer be removed. Pet. [1] at 7. The subject June 17, 2022 detainer was withdrawn by the Pearl River County Circuit Court on March 26, 2024.

6

Ex. [8-8]. The withdrawal of the June 17, 2022 detainer moots Petitioner's request that the "detainer [be] removed from [his] master records." Pet. [1] at 7. Because Petitioner has received the relief he sought, the Court can no longer grant the relief requested. Thus, there is no case-or-controversy present, as required under Article III, Section 2 of the United States Constitution. *See Spencer*, 523 U.S. at 7.

Petitioner's Petition [1] is moot and the undersigned recommends its dismissal without prejudice. *See Schmiderer*, 2010 WL 502730, at *2.

2.  Petitioner has failed to exhaust state court remedies

An individual may seek habeas relief under 28 U.S.C. § 2241 if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Further, an incarcerated individual may use 28 U.S.C. § 2241 to confront a detainer lodged against him by a different state. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 498 (1973); *see Davis v. Banks*, No. 1:15-cv-147-LG-RHW, 2016 WL 695103, at *1 (S.D. Miss. Jan. 6, 2016), *R. & R. adopted*, 2016 WL 707053 (S.D. Miss. Feb. 22, 2016).

"[A]lthough [28 U.S.C.] section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved . . . by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987). Before filing suit in federal court pursuant to § 2241, an inmate must exhaust available state court remedies. *Id.*; *see Hartfield*

*v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015). Exhausting state court remedies "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues . . . ." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion of state court remedies is satisfied "once the federal claim has been fairly presented to the state courts . . . ." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

In *Leonard v. Mississippi*, this Court held that Section 2241 petitioners "need to present the grounds of [their] federal habeas petition to the Mississippi Supreme Court" to exhaust their available state court remedies. *Leonard v. Mississippi*, No. 5:10-cv-37-DCB-MTP, 2010 WL 5897735, at *2 (S.D. Miss. Oct. 12, 2010), *R. & R. adopted,* 2011 WL 796740 (S.D. Miss. Mar. 1, 2011) (quoting *Hudson v. Mississippi*, No. 1:09-cv-375-HSO-JMR, 2009 WL 2487930, at *1 (S.D. Miss. Aug 12, 2009)). There, this Court found that petitioner had not exhausted his state court remedies because petitioner's writ of habeas corpus extradition had not yet been determined by "the state's highest court." *Id.* at 3; *see Hudson*, 2009 WL 2487930, at *1 ("for a petitioner proceeding pursuant to § 2241 to exhaust his available state remedies, he would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court.").

Petitioner's evidence of exhaustion regarding the June 2022 probation detainer are letters mailed to Judge Prentiss Harrell and Mississippi Probation and Parole

Agent Terrie Maranoci on December 7, 2023, wherein Petitioner "forwarded a missive to his sentencing . . . to address this matter to the relevant parties." Pet'r's Resp. [11] at 1. Neither individual responded. *Id*. Petitioner has not identified any other attempts at exhaustion prior to filing the instant Petition [1]. Petitioner did not fairly present this matter to the state court by mailing letters to Judge Harrell and Agent Maranoci and has failed to exhaust state court remedies. *See Davis*, 2016 WL 695103, at *2 (holding that petitioner failed to exhaust state court remedies because he mailed a 180-day demand letter to Virginia authorities and did not file a petition for a writ of habeas corpus in Virginia state court); *see also* Miss. Code Ann. §§ 11-43-1, 9.

   3.  Petitioner's request for a stay is not properly before the Court

       Stays issued by the Court are only available in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there [is] good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. "[A] district court may, in its discretion, stay and hold in abeyance federal habeas proceedings to permit a state prisoner to marshal unexhausted claims through state court." *Green v. Thaler*, 699 F.3d 404, 420 (5th Cir. 2012, *as revised* (Oct. 31, 2012) (citing *Rhines*, 544 U.S. at 269) (finding a stay was not appropriate where petitioner sought a stay of execution in a Section 2241 and Section 2254 claim)).

9

Respondents contend that a stay is inappropriate and is not supported by *Rhines*'s rationale that provides courts with the discretion to permit a stay on a mixed petition. Resp'ts' Reply [12] at 7. In *Rhines*, "the Supreme Court held that the district courts have the authority to hold a mixed petition-one with exhausted and unexhausted claims-in abeyance so that the unexhausted claims could be adjudicated by the state courts and then rejoined with the exhausted claims in the federal petition." *Kiker v. Hood*, No. 1:07-cv-2-LG-RHW, 2007 WL 2461977, at *2 (S.D. Miss. Aug. 27, 2007) (citing *Rhines,* 544 U.S. at 275).

Here, Petitioner's sole 28 U.S.C. § 2241 claim has not been exhausted in state court, a situation not addressed by *Rhines*. The Supreme Court held in *Rhines* that stay and abeyance is only appropriate when three requirements are met: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278.

Petitioner has not advanced a good cause argument or attempted to show that his unexhausted claim has merit. This is not one of the limited circumstances where stay and abeyance is appropriate. *See Jackson v. Pennington*, No. 3:21-cv-495-KHJ-MTP, 2021 WL 5071089, *2 n. 4 (S.D. Miss. Oct. 15, 2021) (citing *Rhines*, 544 U.S. at 278) (declining to stay a Section 2241 petition because "[w]hile courts have discretion under limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts state court remedies . . . . [p]etitioner has made no showing of good cause

for his failure to exhaust state court remedies."), *R. & R. adopted*, 2021 WL 5068531 (S.D. Miss. Nov. 1, 2021); *cf. Jamison v. King*, No. 3:20-cv-552-KHJ-FKB, 2021 WL 2349309, at *2 (S.D. Miss. May 13, 2021) (declining to hold a § 2254 habeas petition that petitioner initially filed as a § 2241 petition in abeyance because petitioner failed to show good cause for failure to exhaust state appellate process and finding that if the court had construed the petition as one brought under §2241, it would be dismissed for failure to exhaust state court remedies), *R. & R. adopted*, 2021 WL 2349314 (S.D. Miss. June 8, 2021). Accordingly, this matter should not be stayed.

   4.  <u>Petitioner's arguments raised for the first time in his response to the Respondents' Motion to Dismiss are not properly before the Court</u>

   "There are two approaches for addressing a new claim raised in response to a dispositive motion—ignore the new theory or treat it as a motion to amend." *Evern v. Chisolm*, No. 3:17-cv-941-DPJ-FKB, 2018 WL 4440878, at *4 (S.D. Miss. Sept. 17, 2018); *see also Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.") (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990); *cf. Esters v. Cain*, No. 2:20-cv-170-TBM-BWR, 2023 WL 4249024, at *9-10 (S.D. Miss. Apr. 5, 2023) (holding that claims raised after petitioner filed his Traverse and 28 U.S.C.§ 2254 Petition were waived), *R. & R. adopted*, 2023 WL 4241669 (S.D. Miss. June 28, 2023); *cf. Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the

first time in a reply brief are generally waived."); *cf. United States v. Jackson*, 426 F.3d 301, 305 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants . . . are waived.")).

Petitioner alleged for the first time in his Response [11] that the initial detainer "was based on fabricated allegations," the probation detainer warrant was not properly issued "before the February 8, 2023-time deadline," and that the "sentencing court fail[ed] to hand down a determinate post release probationary sentence [on] August 24, 2009." Pet'r's Resp. [11] at 2. The claims raised in Petitioner's Response [11] are not properly before the Court and the Court should not consider Petitioner's new claims. *Id. See Evern*, 2018 WL 4440878, at *4.

The claims raised in Petitioner's Response [11] are irrelevant to the instant Petition [1]. The Petition [1] is based on a June 17, 2022 detainer lodged as a warrant. Petitioner's contention that MDOC "failed to file a valid detainer . . . before the February 8, 2023-time deadline" is unrelated to the withdrawn June 17, 2022 detainer. Pet'r's Resp. [11] at 2. Further, the June 2022 detainer was withdrawn because Petitioner "was serving time in Louisiana and could not report." Ex. [8-8].

Additionally, in Petitioner's August 24, 2009 order of conviction and sentence, the Pearl River County Circuit Court sentenced Petitioner to twenty years in MDOC custody, with twelve of those years to be served, and the remaining eight years of the sentence to be served under post-release supervision. Ex. [8-3]. Contrary to

Petitioner's argument, the trial court's August 24, 2009 order established an eight year term of post-release supervision.

Thus, Petitioner's arguments raised for the first time in his Response [11] are not properly before the Court.

## 5. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting Respondents' Motion to Dismiss [8], denying Petitioner's request to stay, and dismissing the 28 U.S.C. § 2241 Petition [1] without prejudice as moot.

## 6. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report and recommendation must serve and file written objections within 14 days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party must file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report will bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in

this report within 14 days after being served with a copy will bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that the district court has accepted and for which there is no written objection. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**SIGNED**, this the 1st day of October 2024.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

14