IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TONY D. BICKHAM**                                                                    **PETITIONER**

v.                                                                    Civil No. 1:24-cv-00046-HSO-BWR

**TRAVIS DAY,** *Warden of Rayburn*                                    **RESPONDENTS**
*Correctional Center in Angie,*
*Louisiana,* **and LYNN FITCH,**
*Attorney General of the State of*
*Mississippi*

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [13], GRANTING RESPONDENTS' MOTION [8] TO
DISMISS, DENYING PETITIONER'S REQUEST TO STAY, AND
DISMISSING WITHOUT PREJUDICE PETITIONER'S PETITION [1] FOR
WRIT OF HABEAS CORPUS**

BEFORE THE COURT is United States Magistrate Judge Bradley W. Rath's Report and Recommendation [13], recommending that this Court: (1) grant Respondents Travis Day and Lynn Fitch's Motion [8] to Dismiss; (2) deny Petitioner Tony D. Bickham's request for a stay; and (3) dismiss without prejudice Mr. Bickham's Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2241.  *See* R. & R. [13] at 13.  Petitioner has not objected to the Report and Recommendation [13]. After due consideration of the Report and Recommendation [13], the record, and relevant legal authority, the Court will adopt the Report and Recommendation [13] in its entirety.

I. BACKGROUND

Petitioner Tony D. Bickham ("Petitioner" or "Bickham") filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in this Court on February 9, 2024.  Pet. [1].  In it,

he claims he is wrongfully "being detained due to being accused of absconding supervision . . . which is not true because [he] was being supervised by Louisiana for Mississippi[.]" Pet. [1] at 6.  He makes this claim because in June 2022—while Petitioner was incarcerated in Louisiana for possession of heroin, amphetamines, and a firearm—a Mississippi Department of Corrections official filed an affidavit with the Pearl River County Circuit Court alleging Petitioner "failed to report to MDOC as directed," and thereby "absconded his supervision." Pet. [1] at 10.  Based upon that affidavit, the Pearl River County Circuit Court issued a warrant for Petitioner's arrest.  Pet. [1] at 12.  And that warrant, according to Petitioner, led to a "detainer" on his "master records," which is preventing him from participating in a "Work Release Transitional Program" and from securing "Class (A) Trustee Status[.]"  Pet. [1] at 7, 17.

But that June 2022 warrant is no longer in effect. In March 2024 the Pearl River County Circuit Court withdrew the warrant upon recognizing that Petitioner "was serving time in Louisiana and could not report."  Mot. [8], Ex. 8.  The Circuit Court then immediately issued a new warrant for Petitioner's arrest for violating Louisiana law and, consequently, for violating the terms of his post-release supervision. Mot. [8], Ex. 9.

Respondents Travis Day and Lynn Fitch ("Respondents") have filed a Motion [8] to Dismiss the habeas corpus Petition [1].  Mot. [8].  They ask the Court to dismiss the Petition [1] as moot given the Pearl River County Circuit Court's withdrawal of

2

the challenged June 2022 warrant.  Mot. [8] at 6.  In response to that Motion [8], Petitioner reasserts his request for dismissal of the June 2022 detainer, Pet'r's Resp. [11], challenges the March 2024 detainer, *id.* at 2, and requests that the Court stay his case if it finds he failed to exhaust his state court remedies, *id.* at 3.  In Reply, Respondents argue mootness and failure to exhaust, Resp'ts' Reply [12] at 3-7, contest Petitioner's request for a stay, *id.* at 7, and claim Petitioner waived those arguments raised for the first time in his Response [11], *id.* at 8-9.

The Magistrate Judge entered a Report and Recommendation [13] on October 1, 2024, recommending that the Court grant Respondents' Motion [8] to Dismiss, deny Petitioner's request for a stay, and dismiss Petitioner's 28 U.S.C. § 1441 Petition [1] without prejudice.  R. & R. [13] at 13.  Petitioner had fourteen days to object to the Report and Recommendation under 28 U.S.C. § 636(b)(1).  To date he has not filed an objection, and the time for doing so has passed.

## II.  DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Instead, this Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the report and recommendation.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted this required review, the Court concludes that the Report and Recommendation [13] is neither clearly erroneous nor contrary to law, and that it should be adopted as the opinion of this Court.

### III.  CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [13], grant the Respondent's Motion [8] to Dismiss, deny Petitioner's request for a stay, and dismiss Petitioner's 28 U.S.C. § 2241 Petition [1] without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [13] of United States Magistrate Judge Bradley W. Rath entered in this case on October 1, 2024, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondents Travis Day and Lynn Fitch's Motion [8] to Dismiss is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Tony D. Bickham's request to stay is **DENIED,** and his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**.

The Court will enter a separate final judgment pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 7th day of November, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE